MISSOURI, K. & T. RY. CO. OF TEXAS v. HART. (No. 1792.)

(Court of Civil Appeals of Texas. Texarkana. May 24, 1917. Rehearing Denied July 28, 1917.)

1. TRIAL ⟳260(8) — INSTRUCTIONS — REQUESTS—INSTRUCTIONS ALREADY GIVEN.

Refusing a requested instruction to find for defendant railroad if plaintiff was negligent in not stopping his team at a safe distance from the tracks is not erroneous, where the jury were told to find for defendant if the plaintiff negligently stopped his team within a few feet of the track.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 657.]

2. EVIDENCE ⟳558(7)—OPINION EVIDENCE—CROSS-EXAMINATION OF EXPERT—INTEREST.

While defendant railroad might show plaintiff's expert medical witness was to receive more than the statutory fee if a judgment was recovered in the pending action, it cannot cross-examine the witness regarding contingent fees received by him for testifying in other damage suits.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2379.]

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by K. C. Hart against the Missouri, Kansas & Texas Railway Company of Texas. Judgment for plaintiff, and defendant appeals. Affirmed.

Bois d'Arc street in Greenville runs north and south. Appellant's main line track and one of its side tracks run east and west across Bois d'Arc street. The side track was a short distance south of the main line track, and was connected with it by a switch about 100 feet west of said street. April 26, 1913, appellee, traveling in a wagon loaded with stove wood and drawn by a team of gentle mules, approached Bois d'Arc street from the south. When he reached a point about 30 feet from said main line track he saw a locomotive at a point 100 yards or more west of the street, rapidly pushing a tank car

east on the main line track. He at once stopped his team, and his mules stood with their fore feet over the south rail of the side track. When the tank car reached the switch it was "kicked" by the engine from the main line to the side track, along which it continued east at a rapid rate of speed. When appellee saw the car take the side track he at once began jerking his mules off of and from that track, on which they were standing as stated. As the mules were backing away from the track the car passed rapidly along it, about two feet from their heads, so frightening them that appellee lost control of them and they backed the wagon south of Bois d'Arc street about 30 feet, and then into a ditch on the side of the street. As a result of the wagon going into the ditch appellee was thrown violently from the seat thereof on which he was sitting onto the wood therein, whereby he suffered, he alleged, serious and permanent injury to his person. In his petition appellee alleged, as negligence on the part of appellant's employés in charge of the locomotive and tank car which rendered it liable to him for the damages he suffered, that said employés caused the locomotive to "kick" the car from the main line track onto the side track as they did in violation of a duty they owed him not to do so under the circumstances, and caused said car to move east on said track and pass in front of and in close proximity to appellee's mules at the rate of 20 or 25 miles an hour, in violation of the provisions of an ordinance of said city of Greenville making it unlawful to cause such a car to be run within its limits at a greater rate of speed than 6 miles per hour. The answer of appellant to appellee's petition consisted of a general denial and pleas of contributory negligence on his part. The appeal is from a judgment in appellee's favor for $6,000.

Chas. C. Huff, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Shields, of Greenville, for appellee.

WILLSON, C. J. (after stating the facts as above). In its assignments appellant complains of the action of the trial court: (1) In refusing a special charge requested by it; (2) in admitting as evidence certain testimony offered by appellee; and (3) in excluding as evidence certain testimony offered by it—and also complains of the verdict on the ground that it was excessive.

[1] Appellant presented to the court, with a request that he give same to the jury, two special charges on the issue as to contributory negligence on the part of appellee which it thought was made by the testimony. Both of the charges were predicated on knowledge by appellee, as he approached the crossing, of the fact that cars were then being switched toward the street on appellant's main line track. In the one numbered 3, which the court gave, the jury were told, in effect, to find for appellant if they believed it was negligence on the part of appellee to stop his team "within a few feet" of the side track. The charge refused, No. 6, had it been given, would have told the jury, in effect, to find for appellant if they believed it was negligence on the part of appellee not to stop his team "while he was at a safe distance" from appellant's tracks. It is plain, we think, that each of the charges, had both been given, would have submitted one and the same question to the jury for determination, to wit: Was appellee guilty of negligence in stopping his team as close as he did to the side track? Having submitted the question to the jury when he gave the special charge numbered 3, of course the trial court did not err when he refused to repeat it by giving the special charge numbered 6.

The testimony appellant objected to, and which the court nevertheless admitted, was that of appellee and his witness Dr. Hart in regard to transactions between appellee and one Nellie Howard, and to conversations he had with her and others about those transactions. No useful purpose would be served by detailing the testimony here. We have considered it in connection with other testimony in the record, and have reached the conclusion that the court did not err when he overruled appellant's objections and admitted it.

[2] The testimony excluded, and which appellant thought ought to have been admitted, was that of Dr. J. A. Smith, a witness for appellee, and one of the physicians who treated appellee for the injury he claimed he had suffered. On its cross-examination of Dr. Smith appellant proved by him that in the nine years preceding the trial he had been a witness for plaintiffs, represented by appellee's attorney B. Q. Evans in about 110 damage suits against railway companies, and had never been a witness for a defendant in such a suit. Appellant complains that the court refused to permit it to further prove by the witness that he had been paid contingent fees for testifying in a number of the suits, and then had a suit pending in the district court of Hunt county to recover $700 for testifying in one of them, in which he alleged in his petition that it was on his testimony that the plaintiff in that suit had recovered a large judgment against the defendant. It would have been permissible for appellant to show, if it could, that a fee other than the statutory one was to be paid the witness if appellee recovered a judgment against it, and doubtless it would have been permitted to make such proof had it offered to do so. But proof that the witness had received, or claimed a right to receive, contingent fees for testifying as a witness in other cases would not of itself tend to show interest on his part in the result of this suit, nor bias against appellant.

196 S.W.—61

The verdict was not excessive if the consequences to appellee of the injury he suffered was as serious as testimony offered by him indicated they were. The jury had a right to believe that testimony in determining the amount they should award to appellee.

The judgment is affirmed.